NO. 07-12-00123-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 24, 2013

MICHAEL TROY FLETCHER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 132,644-1; HONORABLE W. F. (CORKY) ROBERTS, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Troy Fletcher, appeals his conviction for driving while intoxicated.[1]  Appellant raises the single issue that the trial court abused its discretion when it overruled his motion to suppress.  Disagreeing with appellant, we will affirm the conviction.

Factual and Procedural Background

Appellant does not challenge the sufficiency of the evidence; therefore, we will recite only the facts necessary for our determination of the issue presented.  On

---

[1] See TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012).

December 2, 2011, appellant had an encounter with a Potter County Deputy, Kati Brown. As a result of this encounter, appellant was arrested for the offense of driving while intoxicated.

The facts surrounding appellant's encounter with Brown are not contested. Brown was on patrol on the west side of Potter County, in an area termed the Bishop Estates area. Earlier, at her briefing before going on patrol, Brown had been advised that there were a number of mailbox thefts reported in the area where she would be patrolling. While on patrol, Brown noticed a number of open mailboxes. At approximately 3:00 a.m., Brown approached the intersection of Estates and West Ranch View Road. Brown was driving on Estates when she observed a vehicle pull up to the stop sign facing West Ranch View Road. Brown decided to see which way the vehicle turned and to attempt to obtain the license plate number to run the plates on her computer. However, the vehicle stayed stationary at the intersection. Brown then pulled over onto the shoulder of the road to wait for the vehicle to turn. After Brown did this, appellant turned and pulled alongside Brown's vehicle and asked Brown if she knew where Gary was. Brown testified that appellant stopped in the middle of the roadway to ask her this question. After Brown advised that she did not know Gary, appellant pulled away. Brown turned her patrol car around and followed appellant while obtaining his license plate number. The computer search of the license plate number revealed that the car was registered to appellant and that appellant lived in the neighborhood. Brown testified that she then stopped appellant because of his "odd" behavior in pulling next to her and asking about Gary. After stopping appellant, Brown determined he was intoxicated and arrested him for driving while intoxicated.

2

Appellant filed a motion to suppress all of the evidence based upon the theory that the initial stop and detention of appellant was illegal. According to appellant, this illegality makes all of the subsequent evidence of driving while intoxicated inadmissible. After hearing the evidence at a pre-trial hearing on the motion to suppress, the trial court denied the motion. Appellant subsequently entered a plea of guilty, reserving for appellate review the issue of the legality of the stop. See TEX. R. APP. P. 25.2(a)(2)(A).

Appellant gave notice of appeal and now presents a single issue to the Court regarding the legality of the initial stop and detention. We will affirm.

Analysis

We review a trial court's decision granting or denying a motion to suppress evidence under an abuse of discretion standard. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). When, as in this case, the facts underlying the court's ruling are not in dispute, our review is *de novo*. Id.

The Fourth Amendment to the United States Constitution protects a person from unreasonable search and seizure. U.S. CONST. amend. IV; see Derichsweiler v. State, 348 S.W.3d 906, 914 (Tex.Crim.App. 2011) (citing United States v. Sokolow, 490 U.S.1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)). Under the law, a warrantless detention, which is less than a full-blown arrest, must be justified by a reasonable suspicion. Derichsweiler, 348 S.W.3d at 914. Suspicion is reasonable if it is based on specific articulable facts. Id. The standard is an objective one that disregards the actual subjective intent of the officer and looks, instead, to whether there was an objectively reasonable basis for the detention. Id.

In the case before the Court, Brown testified that appellant pulled up alongside her vehicle and stopped in the middle of the street to ask her the question regarding Gary. Further, Brown testified that, although she did not intend to issue a citation to appellant for the traffic offense, such a stop was illegal. Our review of the record and the Texas Transportation Code reveals that the action of appellant did, in fact, violate a provision of the statute. See TEX. TRANSP. CODE ANN. § 545.302(a)(1) (West 2011). This section provides that an operator of a vehicle may not stop, stand, or park a vehicle on the roadway side of a vehicle stopped or parked at the edge or curb of a street. Id. Therefore, Brown did observe a violation of the law and, accordingly, under the objective standard for determination of reasonable suspicion, the resulting detention of appellant was lawful. See Derichsweiler, 348 S.W.3d at 914 (citing Terry v. Ohio, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed2d 889 (1968)). Consequently, the trial court acted pursuant to the law and did not abuse its discretion in overruling appellant's motion to suppress.[2] Accordingly, appellant's single issue is overruled.

## Conclusion

Having overruled appellant's single issue, the trial court's judgment of conviction is affirmed.

Mackey K. Hancock
Justice

Do not publish.

---

[2] By his motion, appellant did not challenge any aspect of Brown's stop, detention, or arrest of appellant, other than the legality of the stop.

4